**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALFRED ASOMBANG NJIFON,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, ELIZABETH CONTRACT DETENTION FACILITY, *et al.*<br><br>*Respondents*. | Civil Action No. 26-cv-02433<br><br>**MEMORANDUM ORDER**<br><br>August 5, 2026 |

**IT APPEARING THAT:**

1. This Court granted Petitioner Alfred Asombang Njifon's Petition for a Writ of Habeas Corpus on March 23, 2026. (ECF No. 8.) Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an Immigration Judge. (*Id.*)

2. Petitioner appeared before Immigration Judge Leila Mullican ("Judge Mullican") on March 30, 2026. (*See* ECF Nos. 10, 12.) Judge Mullican concluded that Petitioner was a flight risk and denied bond. (ECF No. 10 at 1.)

3. That same day, Petitioner filed a letter on the docket in these proceedings arguing that he did not receive due process during his bond hearing and asked this Court to order his immediate release or an additional bond hearing. (ECF No. 9 at 2-3.) This Court construes the letter as a Motion to Enforce the Judgment ("Motion").

4. Respondents filed opposition to the Motion on April 1, 2026. (ECF No. 10.)

5. This Court lacks jurisdiction to review any discretionary determinations underlying the Immigration Judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

6. After review of the parties' submissions and consideration of the parties' arguments, this Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair.

7. In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

8. Petitioner submitted documents to the Immigration Court, including an Affidavit of Support, Residence, and Transportation sworn by Petitioner's sister; an Affidavit of Employment and Support; and a number of Affidavits of Support sworn by friends in the United States. (ECF No. 9-2.)

9. Petitioner's counsel presented the documents to Judge Mullican for review and made arguments on Petitioner's behalf. (*See* ECF No. 12-1 at 4-6.)

10. Petitioner argues Judge Mullican "did not adequately consider" Petitioner's affidavits, and asserts that Judge Mullican "relied on speculative concerns" regarding Petitioner's purported flight risk. (ECF No. 9 at 2.) Petitioner further argues that Judge Mullican's reasoning fails to adequately consider the government's burden "where substantial, unrebutted evidence

demonstrates that Petitioner has stable housing, community support, and employment prospects." (*Id.*)

11. Judge Mullican acknowledged Petitioner's sister as a "very recent sponsor," as well as the presence of Petitioner's prospective employer, noting that "there is no showing" that Petitioner "was employed for a long period of time or by the same individual." (ECF No. 12-1 at 6-7.) Judge Mullican ultimately concluded Petitioner was a flight risk because there was an "unclear record… for bond." (*Id.* at 7.)

12. Petitioner's arguments are challenges to Judge Mullican's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

13. This Court does not express any opinion on whether Judge Mullican came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing as ordered by this Court. Any challenge to the decision must be presented to the Board of Immigration Appeals. Therefore,

**IT IS** on this 5th day of August 2026,

**ORDERED** that the Court finds and declares that the March 30, 2026, bond hearing before an Immigration Judge was conducted in a manner that was fundamentally fair and comported with the requirements of due process; and it is further

**ORDERED** that, for the reasons set forth above, the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** to the extent it seeks any relief beyond that previously granted by the Court; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**KAREN M. WILLIAMS**
**United States District Judge**